TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JENNIFER CHOU (Cal. Bar No. 238142)
SARA MILSTEIN (Cal. Bar No. 313370)
Assistant United States Attorneys
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6482/8611
     Facsimile: (213) 894-3713
     Email:     jennifer.chou@usdoj.gov
                  sara.milstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 19-00055-MWF-13 |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DAVID VASQUEZ'S SENTENCING POSITION AND FIRST ADDENDUM TO PRESENTENCE REPORT |
| v. | |
| DAVID VASQUEZ, | Hearing Date: 4-19-2021 |
| Defendant. | Hearing Time: 2:00 p.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jennifer Chou and Sara Milstein, hereby files its response to the sentencing position filed by defendant David Vasquez on April 7, 2021 (CR 1034), and the First Addendum to the Presentence Report, disclosed on April 13, 2021.

//

//

1      This sentencing position is based upon the attached memorandum

2  of points and authorities, the files and records in this case, and

3  such further evidence and argument as the Court may permit.

4  Dated: April 16, 2021          Respectfully submitted,

5                                 TRACY L. WILKISON
                                   Acting United States Attorney
6
                                   BRANDON D. FOX
7                                  Assistant United States Attorney
                                   Chief, Criminal Division
8

9                                  _____/s/_____
10                                 JENNIFER CHOU
                                   SARA MILSTEIN
11                                 Assistant United States Attorneys

12                                 Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On April 7, 2021, defendant DAVID VASQUEZ, also known as "Malo," "Sonic," and "Evil" ("defendant"), filed his sentencing position (CR 1034), in which he argued the following: (1) the Court should not apply a two-level enhancement for leadership under USSG § 3B1.1(c); (2) zero criminal history points should be assigned to defendant's 2017 conviction because the underlying conduct is "factored" into the Guidelines base offense level; and (3) that credit for time served in a state case can be applied to reduce a sentence imposed for a violation of 18 U.S.C. § 924(c) below its statutory mandatory minimum.

On April 13, 2016, the Probation Office disclosed the First Addendum to the Presentence Report ("PSR") and addressed these three issues as well.

For the reasons set forth in the government's sentencing position, filed on February 26, 2021 (CR 1006), which is incorporated by reference herein, and for the reasons set forth below, the government submits the following: (1) the leadership enhancement is warranted; (2) the 2017 conviction should be assessed criminal history points because the "last overt act of the instant offense" is not limited by defendant's own conduct; and (3) in applying credit for defendant's state sentence, the Court may not reduce the federal sentence to less than the mandatory minimum sentence of 10 years.

### II.   ARGUMENT

#### A.   Leadership Enhancement Under USSG § 3B1.1

Defendant's claim that he was more a victim of the gang than one of its leaders is nonsensical.  See, e.g., Def. Br. 4, 7.  Defendant

acknowledges his leadership role within the Vineland Boys carried over from "a legacy of his position with the 129 clique in its former iteration" — that is, a tagging crew absorbed with leadership consent into the gang, but not, as defendant suggests, "colonized, co-opted, and taken over by VBS." Def. Br. 7. "[W]hen a defendant is convicted of racketeering conspiracy under 18 U.S.C. § 1962(d), the imposition of a role-in-the-offense enhancement under USSG § 3B1.1(b) depends upon his role in the racketeering enterprise as a whole, not upon his role in the discrete predicate acts that underpin the charged conspiracy." United States v. Lopez, 57 F.3d 302, 309 (1st Cir. 2020) (citing United States v. Damico, 99 F.3d 1431, 1437-38 (7th Cir. 1996), United States v. Ivezaj, 568 F.3d 88, 99-100 (2d Cir. 2009)).

The multitude of statements made by VBS gang leaders identifying defendant as the clique leader demonstrate and confirm that he was, in fact, the clique leader; defendant's claim that these were baseless comments is unreasonable. See Def. Br. 7-8. Defendant's role is also confirmed by his own conduct: he represented the clique at the gang meeting of February 20, 2016, and he represented the clique at the VBS leadership meeting a month later and reported on the status of the clique members he directed.[1] Defendant argues that he could not be a leader given that he also received orders from a higher-ranking member, specifically, co-defendant Mario Miranda, the VBS shot-caller. Def. Br. at 4. "The fact that one of [defendant's]

---

[1] Also present at this meeting was co-defendant Luis Ramirez. At Ramirez's sentencing on June 23, 2020, this Court applied a two-level leadership role enhancement. Defendant is arguably occupies an even clearer leadership role than Ramirez, as defendant was the leader of the 129 crew/clique and representative at the senior leadership meeting.

codefendants occupied a leadership role in the enterprise does not preclude [defendant] from also occupying an organization or leadership role as well." United States v. Barnes, 993 F.2d 680, 685 (9th Cir. 1993) (rejecting argument that enhancement could not apply where codefendant "exercised significantly greater authority over the enterprise"). The PSR First Addendum suggests that defendant did not direct anyone to further gang activity, yet the First Addendum acknowledges that one of his responsibilities was "acting as the messenger for higher ranking VBS gang members to the members of his tagging crew." PSR First Addendum 1. Like other organizations, the Vineland Boys gang had a hierarchy of leaders. Defendant, as shot-caller of the 129 clique, could be characterized as a middle manager responsible for 129 clique members. An enhancement is appropriate.

## B. Criminal History Points Assigned to 2017 Conviction

Defendant argues that no criminal history points should be assigned to his 2017 conviction because the underlying conduct — armed possession of drugs for sale — was factored into his base offense level. Def. Br. 8-10. This characterization is inaccurate, as the RICO conspiracy base offense level is not affected by the conduct underlying the 2017 conviction.

First, defendant's possession of under 10 grams of a mixture or substance containing a detectable amount of methamphetamine does not increase or otherwise affect the base offense level of the RICO conspiracy offense, which is driven by defendant's stipulation that he, "in fact, conspired to possess with intent to distribute, and distribute, at least five grams of actual methamphetamine, as alleged in Counts One and Seven of the FSI." Plea Agreement ¶ 9; see also Plea Agreement ¶ 21(g) (stipulating that during conspiracy "defendant

entered into an agreement with other co-conspirators to knowingly possess with intent to distribute and to distribute at least five grams of actual methamphetamine for further distribution to other people"). Put another way, defendant's 2016 possession of the 9.19 grams of a mixture and substance containing methamphetamine would result in a base offense level of 14 under USSG §§ 2D1.1(a)(5), (c)(13), well below the stipulated base offense level of 24. In other words, defendant's 2016 drug activity is part of the "pattern of racketeering activity," but it neither increases nor otherwise affects the instant offense base offense level for the RICO conspiracy. Certainly the base offense level is not "controlled by the [2016] drug offense," as defendant suggests. Def. Br. 10 n.9. Accordingly, the 2017 sentence should be assessed criminal history points under Application Note 4 to USSG § 2E1.1.

Similarly, defendant's possession of the stolen handgun is properly assessed criminal history points under Application Note 4 because it is not factored into the RICO conspiracy base offense level at all.

The First Addendum incorrectly equates the scope of the instant offense with a defendant's relevant conduct. PSR First Addendum 2-3 (citing USSG § 1B1.3 cmt. n.3(B)). However, the controlling Guidelines provision is Application Note 4 to USSG § 2E1.1, which says nothing about relevant conduct when discussing "the last overt act of the instant offense." The Third Circuit in United States v. Marrone — the only case to discuss this question — squarely rejected the notion that "the last overt act of the instant offense" required that such act be reasonably foreseeable to a defendant. 46 F.3d 735, 739 n.6 (3rd Cir. 1995). Given that relevant conduct must be at

4

least reasonably foreseeable to defendant, it is clear that the scope of "instant offense" is separate from that of "relevant conduct."

The First Addendum acknowledges that defendant stipulated in the factual basis that the RICO conspiracy continued to November 21, 2019.  PSR First Addendum 2.  In fact, defendant also stipulated that he was a member of the Vineland Boys gang continuing until November 21, 2019, and that in that capacity, "defendant conspired and agreed with Vineland Boys members and associates that a conspirator would commit at least two racketeering acts, in the form of drug trafficking[.]"  Plea Agreement ¶ 21(e).

Accordingly, the Court should assess three criminal history points to defendant's 2017 conviction, which results in a total of 14 criminal history points and Criminal History Category VI.

**C.   Credit for Another Sentence May Not Reduce a Sentence Imposed for a Violation of 18 U.S.C. § 924(c) Below the Statutory Minimum Sentence**

Defendant's requested sentence of 93.5 months, which illegally falls below the 10-year statutory mandatory minimum sentence, is based upon his erroneous reading of 18 U.S.C. § 924(c) and United States v. Drake, 49 F.3d 1438 (9th Cir. 1995).

Defendant is subject to a mandatory minimum sentence of 10 years for violations of 21 U.S.C. §§ 846, 841(b)(1)(viii) and 18 U.S.C. § 924(c)(1)(A).  Defendant has agreed that the application of any credit for the 36.5 months he served in the state sentence resulting from his 2017 conviction may not result in a sentence "below the statutory mandatory-minimum sentence of five years' imprisonment" as to Counts One and Seven.  Plea Agreement ¶ 3(e).

Drake does not hold that a court may apply credit for time served in another case such that a sentence imposed for a violation

5

of 18 U.S.C. § 924(c) may fall below the statutory mandatory minimum. In fact, <u>Drake</u> clearly suggests the opposite.  In deciding that application of such credit could result in a below-minimum sentence imposed under 18 U.S.C. § 924(e), the Armed Career Criminal enhancement, the Ninth Circuit specifically <u>distinguished</u> § 924(e) from § 924(c), noting:

> In contrast [to 18 U.S.C. § 924(e)], when Congress intended that the statutory mandatory minimums not be affected by the requirements of concurrent sentencing, it made its intent quite clear. <u>See, e.g.</u>, 18 U.S.C. § 924(c)(1) ("Notwithstanding any other provision of law ... the term of imprisonment imposed under this subsection [shall not] run concurrently with any other term of imprisonment.").

49 F.3d. at 1441 n.5 (quoting 18 U.S.C. § 924(c)(1)(D)(ii)).  <u>See also</u> <u>United States v. Fontanilla</u>, 849 F.2d 1257, 1258 (9th Cir. 1988) ("The statute specifically states a section 924 sentence cannot run concurrently 'with any other term of imprisonment' without exception.").

Drake's recognition that a § 924(c) sentence may not be reduced below the mandatory minimum is consistent with the Supreme Court's holding a few years later in <u>United States v. Gonzales</u> that "the plain language of 18 U.S.C. § 924(c) forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal."  520 U.S. 1, 11 (1997).

Since <u>Gonzalez</u>, Courts have held that credit for time served in a separate sentence resulting from conduct underlying a § 924(c) conviction cannot be applied to reduce the mandatory minimum sentence.  <u>See, e.g.</u>, <u>Dotson v. Kizziah</u>, 966 F.3d 443, 446 (6th Cir. 2020) (Bureau of Prisons ("BOP") did not abuse discretion by refusing to credit petitioner's time in state prison toward federal sentence

1  because federal sentence for § 924(c) could not be served

2  concurrently with any other sentence); Hopper v. Hudgins, 2021 WL

3  141692, at *3 (N.D.W.V. January 14, 2021) (unpublished) ("the BOP was

4  precluded from crediting the Petitioner for time spent in [state]

5  custody . . . which would effectively allow for the Petitioner's

6  sentence under § 924(c) to be served concurrently with his state

7  term); Moore v. Kallis, 2018 WL 3596042, at *2-3 (N.D.W.V. July 26,

8  2018) (unpublished) (same).

9      Accordingly, no credit may be applied to reduce the § 924(c)

10 sentence, and application of credit may not reduce the RICO and drug

11 conspiracy sentences below the five-year mandatory minimum.  In

12 essence, defendant faces a 10-year mandatory minimum sentence.

13 Defendant's proposed sentence of 93.5 months would be an illegal

14 sentence.  The First Addendum to the PSR concurs in this conclusion.

15 PSR First Addendum 4-5.

16     Thus, even if the Court adopts the 70-87-month Guidelines range

17 suggested by defendant as to Counts One and Seven, it cannot apply

18 reduce this sentence to less than five years, the 36.5-month credit

19 notwithstanding.  In fact, even if the Court adopts the government's

20 calculated Guidelines range of 92-115 months and applies the 36.5

21 month credit reduction, the adjusted low end of 55.5 months would

22 have to be adjusted up to 60 months to comply with the statutory

23 mandatory minimum sentence and the parties' agreement.

24 **III. CONCLUSION**

25     For the reasons set forth above and in the government's

26 sentencing position, the government recommends that the Court impose

27 the following sentence:  A sentence of 78 months as to Count One, a

28 sentence of 78 months as to Count Seven, to run concurrently to each

7

other, and a sentence of 60 months as to Count Sixty-Three, to run consecutively, for a total custodial sentence of 138 months, or 11.5 years, followed by a four-year period of supervised release with the terms and conditions recommended in the Revised[2] PSR Letter; and a mandatory special assessment of $300.

---

[2] The government concurs with the Revised Recommendation Letter's revised Supervised Release Condition #8, which incorporates the stipulated conditions related to suspcionless search.

8