TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JENNIFER CHOU (Cal. Bar No. 238142)
SARA MILSTEIN (Cal. Bar No. 313370)
Assistant United States Attorneys
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6482/8611
     Facsimile: (213) 894-3713
     Email:    jennifer.chou@usdoj.gov
               sara.milstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 19-00055-MWF-13 |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL SENTENCING POSITION |
| v. | |
| DAVID VASQUEZ, | Hearing Date: 5-18-2021<br>Hearing Time: 10:00 a.m. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jennifer Chou and Sara Milstein, hereby files its supplemental sentencing position as to defendant David Vasquez.

//

//

This supplemental sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 27, 2021          Respectfully submitted,

                               TRACY L. WILKISON
                               Acting United States Attorney

                               BRANDON D. FOX
                               Assistant United States Attorney
                               Chief, Criminal Division


                                     /s/
                               JENNIFER CHOU
                               SARA MILSTEIN
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

At the hearing for defendant DAVID VASQUEZ ("defendant") on April 19, 2021, the Court continued the sentencing hearing to permit additional briefing on the limited issue regarding whether the Court, in applying the 36.5 months of credit for time that defendant served on his discharged state sentence to the sentence for Count Seven, drug trafficking conspiracy in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(viii), can impose a sentence below the statutory mandatory minimum sentence of five years.

The short answer is that the Court may not impose a sentence below the mandatory minimum required by statute.  In fact, the Ninth Circuit very recently held that such a reduction below the mandatory minimum is prohibited in United States v. Saldana, 2021 WL 1401507, at *2 (9th Cir. April 14, 2021) (unpublished).  For that reason, the Court should impose a sentence of at least 10 years, consisting of the 5-year mandatory minimum for the conviction in Count Seven, which the Court has indicated it will order to be served concurrently with any sentence the Court imposes for the conviction in Count One (RICO Conspiracy), followed by the 5-year mandatory consecutive sentence for the conviction in Count Sixty-Three, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

**II.  ARGUMENT**

In Saldana, defendant was convicted of methamphetamine trafficking in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), which subject him to a 10-year mandatory minimum sentence.  2021 WL 1401507, at *2.  At the time of the federal sentencing, defendant had served ten months in a completed state sentence arising from conduct

related to defendant's federal drug crime. Id. Over the government's objection, the district court imposed a sentence of 110 months to reflect credit for the 10-month discharged sentence. Id. In reversing the district court, the Ninth Circuit held that "the district court had no discretion to adjust Saldana's sentence below the mandatory minimum of 120 months provided under 21 U.S.C. § (b)(1)(A)(viii)" to reflect credit for a discharged sentence. Id. (citing United States v. Sykes, 658 F.3d 1140, 1146 (9th Cir. 2011).

Saldana is squarely on point with the case here. See also Sykes, 658 F.3d at 1146 n.7 ("A defendant may escape the mandatory minimum term only if the safety valve of 18 U.S.C. § 3553(e) or (f) applies."). Accordingly, the application of any credit for the 36.5-month sentence defendant has served in the state case is limited by the five-year mandatory minimum. Accordingly, the Court must impose a sentence of at least five years' imprisonment for Count Seven, to be followed by the five-year consecutive sentence mandated for Count Sixty-Three, for a total minimum sentence of ten years.

## III. CONCLUSION

For the reasons set forth above and in the government's sentencing position, the government recommends that the Court impose the following sentence:  A sentence of 78 months as to Count One, a sentence of 78 months as to Count Seven, to run concurrently to each other, and a sentence of 60 months as to Count Sixty-Three, to run consecutively, for a total custodial sentence of 138 months, or 11.5 years, followed by a four-year period of supervised release with the terms and conditions recommended in the Revised PSR Letter; and a mandatory special assessment of $300.